**R. E. D. M. CORPORATION, Plaintiff,**

**v.**

**Joseph LO SECCO, Contracting Officer, Department of the Army, United States Government, Defendant.**

**No. 68 Civ. 603.**

United States District Court
S. D. New York.
April 30, 1968.

---

Joy & Hallinan, New York City, James V. Joy, Jr., New York City, of counsel, for plaintiff.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, David Paget, Asst. U. S. Atty., of counsel, for defendant.

## MEMORANDUM

TENNEY, District Judge.

This is a motion by defendant pursuant to Rule 30(b) of the Federal Rules of Civil Procedure to vacate the notices of deposition served by plaintiff or, in the alternative, to stay all discovery proceedings in this action until 10 days after the determination of defendant's motion to dismiss.

The within cause of action is in the nature of mandamus by plaintiff, a government contractor, against the government contracting officer. The facts herein indicate that on November 29, 1961, plaintiff was awarded Government Contract No. DA–11–173–ORD–651 for the production and delivery of 1,270,000 "Complete Head Assembly for M525 and M527 B1 Point Detonator Fuzes". These fuzes are used to ignite and to detonate various caliber mortar rounds.

The complaint alleges that defendant, acting pursuant to the authority conferred upon him by the contract, issued a written decision on January 19, 1968, wherein he denied plaintiff's claim for an "equitable adjustment" in lieu of the excess costs alleged to have been incurred in the production of the subject-matter of the contract because of alleged inadequacies and deficiencies in the contract drawings and specifications. The complaint further alleges that the decision rendered by defendant did not contain detailed and particularized findings of fact, which plaintiff contends, under the provisions of the "Disputes" clause of the contract,[1] it was defendant's duty to furnish.

1. The contract underlying the within cause of action contains the following mandatory General Provision:
"12. Disputes
(a) Except as otherwise provided in this contract, any dispute concerning

a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the

Shortly after the commencement of the within cause of action, plaintiff, pursuant to the aforementioned "Disputes" clause, served notice of appeal from the decision of defendant to the Armed Services Board of Contract Appeals, which body was designated for the purpose of hearing appeals from decisions of contracting officers. As of this date, that appeal is pending.

The only issue before this court in the mandamus proceeding herein is whether defendant had a plainly defined peremptory duty to set forth in his written decision those detailed findings of fact which constituted the basis for the conclusion which defendant reached therein. Rural Electrification Administration v. Northern States Power Co., 373 F.2d 686, 694 n. 14 (8th Cir. 1967), cert. denied, 387 U.S. 945, 87 S.Ct. 2079, 18 L.Ed.2d 1332 (1967); Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364, 367 (10th Cir. 1966), cert. denied, 385 U.S. 831, 87 S.Ct. 70, 17 L. Ed.2d 67 (1966); see 4 Moore, Federal Practice ¶30.06, at 2049–2050 (2d ed. 1967). The depositions sought to be taken herein are solely for the purpose of obtaining evidence relating to the merits of defendant's decision, evidence which is totally irrelevant to the mandamus proceedings before this court. Inasmuch as the evidence sought is appropriately relevant only to the proceedings before the Armed Forces Board of Contract Appeals, this Court will not allow these limited proceedings before it to be used as a vehicle to obtain such evidence.

Accordingly, and after due consideration, defendant's motion is granted and plaintiff's notices of deposition vacated.

So ordered.

Contractor. The decision of the Contracting Officer shall be final and conclusive unless, within 30 days from the date of receipt of such copy, the Contractor mails or otherwise furnishes to the Contracting Officer a written appeal addressed to the Secretary. The decision of the Secretary or his duly authorized representative for the determination of such appeals shall be final and conclusive unless determined by a court of competent jurisdiction to have been fraudulent, or capricious, or arbitrary, or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence. In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of its appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision.

(b) This 'Disputes' clause does not preclude consideration of law questions in connection with decisions provided for in paragraph (a) above; Provided, That nothing in this contract shall be construed as making final the decision of any administrative official, representative, or board on a question of law."